Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 18, 2012, which, insofar as appealed from, denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs infant daughter, Deyandely, was struck by a school bus as she ran across the Grand Concourse while fleeing a melee that had erupted on the sidewalk near where she had been walking. The bus driver’s deposition testimony that there was no traffic around him or in or in any of the north- or southbound lanes to his left, which Deyandely had crossed before colliding with the bus, raises an issue of fact as to whether he failed to see that which he should have seen with the proper use of his senses (see Persaud v Shark Patrol, 267 AD2d 41, 42 [1st Dept 1999]; see also Ohlhausen v City of New York, 73 AD3d 89, 92 [1st Dept 2010]).
Defendants’ reliance on the emergency doctrine in support of *421 their contention that, with only seconds to react and take evasive measures, the driver acted reasonably and prudently as a matter of law, is predicated on the contention that the emergency with which the driver was confronted arose at the moment he perceived children in the street. The issue is whether he should have seen the children sooner. Thus, whether the driver was confronted with “a sudden and unforeseen occurrence” to which the emergency doctrine is applicable is a question for the factfinder (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]).
Concur—Tom, J.E, Friedman, Andrias, Saxe and DeGrasse, JJ.